UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ROBERT P. MULVEY,

        Plaintiff,

  - against -

SONNENSCHEIN NATH & ROSENTHAL LLP,

        Defendant.
-----------------------------------------------------------X

**MEMORANDUM AND ORDER**
08-CV-1120 (RRM)(RML)

ROSLYNN R. MAUSKOPF, United States District Judge.

    On September 8, 2010, pursuant to Rule 25, defendant properly filed on the docket and served on all interested parties a Suggestion of Death, noting that plaintiff had died on August 28, 2010. By Electronic Order of September 19, 2010, the Court reminded plaintiff's counsel that Rule 25 required, within 90 days of the filing of the Suggestion of Death, that plaintiff's heirs or authorized successors in interest move for substitution. The Court explicitly stated that failure to so move would result in dismissal of this action. No substitution was made.

    Indeed, there was no activity in the case at all until February 3, 2011, when, by Electronic Order to Show Cause, the Court accorded plaintiff's lawyer and/or estate to show cause why the action should not be dismissed. Michael O'Neill, counsel for plaintiff in this action, responded by acknowledging that he had no authority to act on behalf of plaintiff's estate, heirs, or other representative as he had not been retained by them. Mr. O'Neill did indicate that he had been in touch with plaintiff's estate, and had communicated the requirements of Rule 25 to the appropriate individuals. *See* Letter of February 25, 2011 (Doc. No. 70). However, no proper party sought substitution, or otherwise showed cause.

In March 2011, the Court received a brief flurry of letters between defendant and Mr. O'Neill, largely focused on defendant's request to have this action dismissed with prejudice. (*See* Doc. Nos. 72 – 74.) Between March 14, 2011 and today, there has been no activity in this case, and to date, no substitution has been made, nor has the Court received any communication from any representative or heir of plaintiff seeking to pursue this action.

Today, the Court received a letter from Mr. O'Neill indicating that while he still does not represent the estate, he has been in communication with the appropriate representatives who advise that the estate "does not intend to proceed with the litigation." (Doc. No. 75.)

It has been well over a year since defendant's notation on the record of the Suggestion of Death. As Rule 25(a) counsels, if a motion for substitution is not made within 90 days thereafter, "the action must be dismissed." Courts routinely dismiss cases with prejudice where there is a failure to comply with the time period specified by Rule 25(a). *See, e.g., Unicorn Tale v. Banerjee,* 138 F.3d 467, 469 (2d Cir. 1998); *Nauman v. RPI,* 2010 U.S. Dist. LEXIS 29563 at *3 (N.D.N.Y., Mar. 26, 2010) ; *Smith v. Doe,* 2010 U.S. Dist. LEXIS 34644 at *5 (S.D.N.Y., Jan. 22, 2010); *Okolie v. Paikoff,* 589 F. Supp. 2d 204, 207 n.2 (E.D.N.Y. 2008); *Rodgers v. City of New York,* 2006 U.S. Dist. Lexis 76578 at*1 (E.D.N.Y., Sept. 6, 2006). Moreover, here, the Court gave plaintiff's estate multiple opportunities to substitute a proper party or show cause why dismissal should be held in abeyance. Every opportunity was met with silence by those empowered to act. As such, dismissal with prejudice pursuant to Rule 25(a) is wholly appropriate.

Equally appropriate is involuntary dismissal pursuant to Rule 41(b) for failure to prosecute and comply with Court orders. *Lewis v. Rawson, et al.*, 564 F.3d 569 (2d Cir. 2009) (applying so-called "*Drake* factors" for dismissal under Rule 41(b)). Plaintiff's counsel, Mr.

O'Neill, advised plaintiff's heirs and representatives of the requisites of Rule 25, yet no substitution has occurred, no party has shown cause to stave off dismissal, and this action has been dormant, for all intents and purposes, for more than a year. The Court has balanced the prejudice to defendant, the Court's need to alleviate calendar congestion, and plaintiff's right to have his day in Court. The balance tips decidedly against plaintiff, particularly in light of the estate's lack of interest expressed through Mr. O'Neill in his letter filed today.[1] Against the procedural backdrop here, in balancing all of these concerns, the Court sees no other option but to dismiss this action.

## **CONCLUSION**

For the reasons stated in the Memorandum and Order, this action is DISMISSED with prejudice. The Clerk of Court is directed to close the file.

SO ORDERED.

Dated: Brooklyn, New York
October 31, 2011

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
United States District Judge

---

[1] Mr. O'Neill suggests that plaintiff's daughter may not be aware of her potential rights to petition the Surrogate's Court to be appointed personal representative of her father's estate for the purpose of preserving the cause of action. However, Mr. O'Neill plainly states that plaintiff's daughter has "not communicated with me, and I do not have her contact information." (*See* Doc. No. 75.) As such, Mr. O'Neill's concerns are wholly speculative.

3